**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADRIAN ESTEBAN LOPEZ,<br><br>　　　　　Petitioner,<br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 23-358<br><br>Agency No.<br>A077-279-151<br><br>MEMORANDUM[*] |
| ADRIAN ESTEBAN LOPEZ,<br><br>　　　　　Petitioner,<br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 23-855<br><br>Agency No.<br>A077-279-151 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 15, 2024
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge BEA.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioner Adrian Esteban Lopez, a native and citizen of Mexico, petitions for review of two orders of the Board of Immigration Appeals (BIA): (1) an order that dismissed his appeal from an immigration judge's (IJ) denial of his application for deferral of removal under the Convention Against Torture (CAT) (No. 23-358); and (2) an order that denied his motion to reopen his removal proceedings to continue to pursue his application for deferral of removal under the CAT (No. 23-855).

We have jurisdiction under 8 U.S.C. § 1252. "Because the BIA expressly adopted the IJ's decision under *Matter of Burbano*, [20 I. & N. Dec. 872 (BIA 1994),] but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). "We review factual findings underlying the BIA's denial of [CAT] relief for substantial evidence," *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023), and "BIA denials of motions to reopen for an abuse of discretion," *Israel v. INS*, 785 F.2d 738, 740 (9th Cir. 1986). We deny the first petition (No. 23-358) and grant the second petition (No. 23-855).[1]

1.  Petitioner, an applicant for deferral of removal under the CAT, had the burden "to establish that it is more likely than not that he . . . would be tortured if removed" to Mexico. 8 C.F.R. § 1208.16(c)(2). "Torture is defined as any act by

[1] Accordingly, we deny Petitioner's motion for a stay of removal in No. 23-358 (Dkt. 2), and grant Petitioner's motion for a stay of removal in No. 23-855 (Dkt. 2).

which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). In assessing Petitioner's application for CAT relief, the IJ and BIA were required to consider "all evidence relevant to the possibility of future torture," which includes "[e]vidence of past torture," "[e]vidence that [Petitioner] could relocate to a part of [Mexico] where he . . . is not likely to be tortured," "[e]vidence of gross, flagrant or mass violations of human rights within [Mexico]," and "[o]ther relevant information regarding conditions in [Mexico]." 8 C.F.R. § 1208.16(c)(3).

Substantial evidence supports the agency's finding that Petitioner suffered no past torture in Mexico, as the harm he purportedly suffered there—having money taken from him by a police officer and having a gun drawn on him by a cartel member after he beat the cartel member in a dispute over a girlfriend—was not "an extreme form of cruel and inhuman treatment" sufficient to constitute torture. 8 C.F.R. § 1208.18(a)(2); *see Alcaraz-Enriquez v. Garland*, 19 F.4th 1224, 1233 (9th Cir. 2021) (distinguishing "police mistreatment" from torture); *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022).

Substantial evidence supports the agency's finding that Petitioner could relocate to a part of Mexico where he is not likely to be tortured. *See Aguilar Fermin*

*v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020). Petitioner argues the agency disregarded "substantial" country conditions evidence in making this finding, but he identifies no record evidence that compels a conclusion contrary to that of the agency. *See Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007).

Substantial evidence supports the agency's finding that there was no record evidence of human rights violations in Mexico sufficiently gross, flagrant, or widespread, and relevant to Petitioner's situation to establish that he would likely be tortured if removed there. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam).

Substantial evidence supports the agency's finding that public officials are unlikely to acquiesce to Petitioner being tortured if he is removed to Mexico. Petitioner argues the agency erred because it: (1) did not consider whether attempts by the Mexican authorities to combat cartel violence have been successful, and (2) ignored record evidence regarding local government collusion with cartels. "We have reversed agency determinations that future torture is not likely only when the agency failed to take into account significant evidence establishing government complicity in the criminal activity." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). We have also recognized that "[a] government does not acquiesce to torture where the government actively, *albeit not entirely successfully*, combats the illegal activities." *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir.

2016) (per curiam) (internal quotation marks omitted) (emphasis added). Here, the IJ based its finding on record evidence showing that, since 2018, the Mexican government has actively combatted cartels and corrupt police officers. Hence, the agency rested its finding on substantial evidence, and we cannot conclude that "any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

2. The BIA abused its discretion by denying Petitioner's motion to reopen because it applied the wrong legal standard. The BIA can deny a motion to reopen "on any one of 'at least' three independent grounds—'failure to establish a prima facie case for the relief sought, failure to introduce previously unavailable, material evidence, and a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of relief which he sought.'" *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We recently clarified that the proper standard for a petitioner to demonstrate prima facie eligibility for relief is whether he has shown "a reasonable likelihood that [he] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). We held that requiring a petitioner to show his new evidence "'would likely change' the result" in his case is error as it "is a

substantively higher bar than requiring petitioners to show a reasonable likelihood of eligibility for relief." *Id.*

Here, Petitioner presented two types of evidence in support of his motion to reopen: (1) his testimony that he continued to fear drug cartels and police in Mexico because of his tattoos; and (2) evidence that his brother, who also had gang tattoos and looked like him, was kidnapped by known cartel members and "disappeared" in Mexico. The BIA properly dismissed the first ground because Petitioner's fear of drug cartels and police was not "*new* material evidence." *Doherty*, 502 U.S. at 324 (emphasis added). The BIA did, however, err in addressing Petitioner's second ground for reopening. The BIA improperly asked whether Petitioner's information about his brother, which it assumed was "unavailable previously," would "demonstrate prima facie eligibility for relief such that reopening would likely change the result in his case."[2] The BIA thus applied the incorrect "would likely change the result" standard to Petitioner's case. Where "the Board base[s] its decision on a legal error," we "remand to the Board to exercise its discretion against

---

[2] The dissent remarks that this evidence may have been previously available because Petitioner had a merits hearing ten days after his brother's disappearance was reported. But the BIA did not decide this issue, and our review is limited "to the actual grounds relied upon by the BIA." *Najmabadi*, 597 F.3d at 986 (quoting *Ramirez-Altamirano v. Holder*, 563 F.3d 800, 804 (9th Cir.2009)). Moreover, Petitioner stated in his motion to reopen that he had only recently obtained evidence of his brother's abduction, and nothing in the record contradicts this assertion.

the correct legal framework." *Bonilla v. Lynch*, 840 F.3d 575, 592 (9th Cir. 2016); *see also INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam). While we express no opinion on the ultimate merits of his motion to reopen, Petitioner is nevertheless entitled to have the agency "apply the correct standard in the first instance." *Fonseca-Fonseca*, 76 F.4th at 1183; *see also Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004) (noting that where the BIA "applie[s] an overly strict legal standard," it "must be given the opportunity to evaluate petitioner's . . . claim under the proper legal standard" (alteration in original) (quoting *Martinez-Sanchez v. INS*, 794 F.2d 1396, 1399 (9th Cir. 1986))).

**PETITION DENIED** in 23-358, and **PETITION GRANTED** in 23-855.

*Adrian Esteban Lopez v. Merrick Garland* (23-358, 23-855)

BEA, Circuit Judge, concurring in part and dissenting in part:

I agree Petition No. 23-358 (review of the Board of Immigration Appeals' (BIA) dismissal of the petitioner's appeal from an immigration judge's denial of the petitioner's application for Convention Against Torture (CAT) relief) should be denied. But I disagree Petition No. 23-855 (review of the BIA's denial of the petitioner's motion to reopen) should be granted. Thus, I respectfully dissent.

I am in accord with my colleagues' position that, in light of *Fonseca-Fonseca v. Garland*, 76 F.4th 1176 (9th Cir. 2023), the BIA erroneously required the petitioner to demonstrate prima facie eligibility for relief by establishing "that reopening would likely change the result in his case." *Fonseca-Fonseca* instructs that the proper formulation of the standard is whether a petitioner has established "a reasonable likelihood that [he] would prevail on the merits if the motion to reopen were granted." *See Fonseca-Fonseca*, 76 F.4th at 1179. But I cannot agree remand is warranted account this error because, in my view, the error was harmless.[1]

---

[1] Notably, the *Fonseca-Fonseca* panel did not pass upon whether, in that case, the BIA's application of the "would likely change the results" standard, as opposed to the "reasonable likelihood of success on the merits" standard, was harmless error. The panel granted the petition and remanded for the BIA to apply the right standard in the first instance on the ground that "the BIA applied the wrong burden of proof." *Fonseca-Fonseca*, 76 F.4th at 1181. The panel reasoned that "the 'would likely change' standard requires a petitioner to establish that it is at least more probable than not that the new evidence would change the outcome of the claim," and that it therefore "plainly places a heavier burden on the petitioner than the 'reasonable

Here, the government raises harmless error, arguing that the petitioner "failed to make any showing [that] he was prima facie eligib[le] for deferral of removal under the CAT based on his brother or his gang tattoos, no matter what standard the Court applies."

This Circuit "appl[ies] traditional administrative law principles in reviewing immigration agency decisions, which include the rule that reviewing courts shall take due account of the rule of prejudicial error," i.e., the harmless error rule. *See Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (internal quotation marks and citation omitted). The Supreme Court has explained that the harmless error rule applies "when a mistake of the administrative body is one that clearly had no bearing on . . . the substance of [the] decision reached," *see Massachusetts Trustees of E. Gas & Fuel Assocs. v. United States*, 377 U.S. 235, 248 (1964), such that "remand[ing] would be an idle and useless formality," *see NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (noting courts are not required to "convert judicial review of agency action into a ping-pong game"). Indeed, "[w]e have recognized that remand is an 'idle and useless formality' when the BIA applies the wrong legal standard if, as a result of its factual findings, 'neither the result nor the BIA's basic

---

likelihood' standard." *Id.* at 1183. But the panel did not explain why the BIA's misapplication of the standard made any difference in that case given the evidence submitted in support of the motion to reopen. *See id.*

reasoning would change.'" *See Park v. Garland*, 72 F.4th 965, 978 (9th Cir. 2023) (quoting *Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam)).

I conclude that the BIA's misapplication of the legal standard clarified in *Fonseca-Fonseca* was harmless because it could not have affected the BIA's decision to deny the petitioner's motion to reopen. In my view, regardless whether the BIA applied the "would likely change the results" standard or the "reasonable likelihood of success on the merits" standard, neither the result nor the BIA's basic reasoning would have changed. The BIA found no basis for reopening in the "limited evidence" the petitioner proffered because that evidence was vague and inconclusive, and any CAT claim based thereon would impermissibly turn on the petitioner's speculative assertions. As all judges on the panel agree, the BIA properly dismissed the petitioner's first ground for his motion to reopen—his testified-to fear of harm due to his tattoos—on the ground that it was not supported by "*new* material evidence." Hence, the sole evidence remaining for the BIA to consider is the petitioner's proffered evidence of his brother's purported kidnapping. But the BIA explained that this evidence was likely previously available. Specifically, the BIA noted that the petitioner had an individual hearing before the immigration judge ten days after the date on which he stated his brother was

kidnapped.[2] I fail to see how the petitioner could demonstrate a "realistic chance" of establishing that he will more likely than not be tortured if removed to Mexico based on evidence that was likely previously available and which demonstrated only that his brother entered a car and was never seen again. *See Fonseca-Fonseca*, 76 F.4th at 1183; *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (explaining that a petitioner's failure to proffer previously unavailable, material evidence provides "independent grounds" for the BIA to deny a motion to reopen). The proffered evidence did not include any identification of the supposed kidnappers or a ransom demand, but only the petitioner's assertion that the car's occupants were kidnappers. I therefore am unable to join my colleagues in concluding that the petitioner's evidence could have "reveal[ed] a reasonable likelihood that the statutory requirements for relief ha[d] been satisfied." *See Sarkar v. Garland*, 39 F.4th 611, 622 (9th Cir. 2022) (quoting *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014)).

Because I would have merely pointed out the BIA's error without a time-wasting remand, I respectfully dissent.

---

[2] In fact, the petitioner's proffered evidence provided that his brother had been missing for weeks before being reported missing on October 15, 2022. The petitioner's last individual hearing was on October 25, 2022, at least a month after the purported abduction. Thus, the petitioner's evidence concerned events that happened *before* his last individual hearing, and his motion failed to give any reason why this evidence was incapable of discovery prior to October 25, 2022. *See Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir. 2007).

4